ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-132

| | | |
|---|---|---|
| ORIENTAL BANK<br><br>Parte Apelante<br><br><br>V.<br><br><br><br>ORLANDO FIGUEROA MARCANO Y GLORIA ESTHER PADILLA CALDERÓN Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Apelada | TA2025AP00333 | *Apelación* procedente del Tribunal de Primera Instancia, Toa Alta<br><br>Caso Núm.: BY2021CV00978<br><br><br>Sobre:<br><br>COBRO DE DINERO-ORDINARIO, EJECUCIÓN DE HIPOTECA: PROPIEDAD RESIDENCIAL |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Rodriguez Flores y el Juez Salgado Schwarz.[1]

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 12 de noviembre de 2025.

Comparece Oriental Bank (Oriental o la parte apelante) y solicita en su recurso dos remedios, a saber, la revocación de la *Sentencia* emitida y notificada el **26 de agosto de 2025,** por el Tribunal de Primera Instancia, Sala de Toa Alta (TPI o foro primario) que declaró con lugar la *Reconvención* presentada en su contra por Gloria Esther Padilla Calderón, Orlando Figueroa Marcano y la Sociedad Legal de Gananciales compuesta por ambos, (parte apelada o el matrimonio Figueroa Padilla), tras el foro primario desestimar la demanda de ejecución de hipoteca

---

[1] Mediante Orden Administrativa OATA-2025-175 del 12 de septiembre de 2025 se designa al Hon. Carlos G. Salgado Schwarz en sustitución del Hon. Félix R. Figueroa Cabán.

presentada por Oriental en contra del matrimonio Figueroa Padilla, mediante *Sentencia Parcial* emitida previamente en el Caso Civil Núm. BY2021CV00978. Además, mediante el recurso de epígrafe, Oriental interesa además, la revocación de la **Orden**, notificada el **13 de agosto** de ese año, que le denegó la *Moción para que se Declare Nula la Orden de Eliminación de las Alegaciones, las Sanciones y el Juicio en su Fondo Celebrado* presentada por la parte apelante, luego de que el foro primario **le eliminara sus alegaciones y le anotara la rebeldía en la** Vista de Conferencia con Antelación al Juicio celebrada el 6 de mayo de 2025.

Debido a que, mediante el recurso Apelativo se atiende la determinación interlocutoria recurrida por añadidura, procedemos a resolver y por los fundamentos que expondremos a continuación revocamos los dictámenes apelados.

-I-

El tracto procesal que motiva la presentación del recurso de epígrafe se remonta al 22 de febrero de 2023, fecha en que el foro primario emitió una Sentencia *Parcial* en el Caso Civil Núm. BY2021CV00978 que desestimó la Demanda de Ejecución de Hipoteca presentada por Oriental en contra de la parte apelada y le ordenó entregar el Pagaré hipotecario, por haber sido la hipoteca satisfecha conforme los términos acordados en el Pagaré original. En esa ocasión el foro primario concluyó que Oriental interesaba ejecutar una hipoteca que no había sido pactada en el Pagaré original.

En desacuerdo, Oriental apeló la **Sentencia Parcial.** Sobre estos extremos, en la Sentencia emitida el 15 de febrero de 2024, en el caso con designación alfanumérica KLAN202300547, la cual es final y firme, este Tribunal de Apelaciones concluyó en esa ocasión que al no haber un documento firmado por el matrimonio Figueroa Padilla que constara en escritura pública en el cual se modificara o añadiera alguna condición a las ya establecidas en el Pagaré firmado por ambas partes o que dispusiera la cantidad de $19,609.28 como pago final global a satisfacerse, no tenían validez ni fundamento jurídico las alegaciones de Oriental. Finalmente, la Sentencia en el caso con designación alfanumérica KLAN202300547, dispuso que Oriental no puso en posición al Tribunal para poder concluir que procedía la ejecución de hipoteca. En dicha Sentencia el razonamiento de este Tribunal de Apelaciones estuvo fundamentado en que según resuelto en *First Bank* v. *Registradora*, 208 DPR 64 (2021), "para modificar una hipoteca es necesario hacerlo constar mediante escritura pública" y que "al no haber un documento firmado por el matrimonio Figueroa Padilla que constara en escritura pública en el cual se modificara o añadiera alguna condición a las ya establecidas en el Pagaré firmado por ambas partes o que dispusiera la cantidad de $19,609.28 como pago final global a satisfacerse, carecía de validez y de fundamento jurídico las alegaciones de Oriental. Acto seguido, concluyó este Tribunal de Apelaciones que Oriental no puso en posición al Tribunal para poder concluir que

procedía la ejecución de hipoteca."[2] En lo pertinente, en dicha Sentencia este Tribunal de Apelaciones hizo constar además, los siguiente:

> "Es un hecho probado que el matrimonio Figueroa Padilla realizó 179 pagos por la cantidad de $171.60, mediante débito directo de su cuenta con Oriental, hasta la fecha acordada como vencimiento del término del Pagaré Hipotecario. Los referidos pagos fueron realizados desde el 20 de agosto de 2005 hasta el 1 de septiembre de 2020 y estos incluían el pago del Centro de Recaudación de Ingresos Municipales (CRIM), por lo que la cifra de la totalidad mensual ascendía a $248.00 dólares"[3]

El trámite procesal ante el foro primario continuó toda vez que quedó pendiente de adjudicación la **Reconvención** presentada el **5 de mayo de 2021**, por la parte apelada en contra de Oriental, en el Caso Civil Núm. BY2021CV00978.

En dicha *Reconvención*, el matrimonio Figueroa Padilla sostuvo que además de que la deuda fue pactada y pagada en su totalidad puntualmente y que Oriental Bank quería cobrar una deuda no pactada en el Pagaré, ni en la Escritura, se levantaba la posibilidad de que existieran actos ilegales, de mala fe, y en fraude del matrimonio Figueroa Padilla.[4] En particular las alegaciones de la parte aquí apelada en la *Reconvención* fueron las siguientes:

> 5. La parte demandada pagó sus mensualidades de $171.60 hasta septiembre de 2020, cuando el banco demandante comenzó a indicarle que debían aproximadamente la suma de $19,000 como pago final, lo cual los demandados niegan, no reconocen y no fue pactado en el Pagaré, ni en la Escritura de Hipoteca.

> 6. Falta una parte indispensable.

> 7. **La deuda quedó extinguida por el pago.**

---

[2] *Véase* Sentencia emitida por el Tribunal de Apelaciones en el caso KLAN202300547.
[3] *Id.*
[4] *Véase* Entrada Núm. 7 de SUMAC.

8. **Existe cobro de lo indebido por lo que aplica la imposición de daños en contra de la demandante y en beneficio de los demandados.**

9. **La falta de diligencia de la parte demandante le ha ocasionado daños a la parte demandada, quien se ha visto afectado por los actos negligentes de la parte demandante en el cobro de una deuda inexistente.**

10. **Los actos de la parte demandante le han ocasionado daños a la parte compareciente equivalentes a angustias mentales y daños a su historial de crédito, daños que se valoran en no menos de $50,000 para cada demandado.** [SIC]

13. **Los daños sufridos por el compareciente estuvieron motivados por los actos culposos y negligentes del demandante.**

14. **La parte compareciente solicita se le ordene a la parte demandante tomar las acciones necesarias para reparar su daño al crédito.**

15.**Existe mala fe por parte de la demandante.**

16.**Existe confusión de derechos en beneficio de los demandados.**

17. La acción de los demandantes está prescrita.

18. **Existe un intento de enriquecimiento injusto por parte de la demandante.**

19. **La deuda es inexistente.**

20. **Existe temeridad por parte de la demandante por lo cual se solicita la imposición de honorarios.**

En respuesta, Oriental contestó la *Reconvención* y tras negar responsabilidad alguna, sostuvo que la reconvención dejaba de exponer una reclamación que justificara la concesión de un remedio que no existía causalidad entre los daños alegados y las actuaciones de Oriental y que dichos daños eran autoinfligidos.[5]

---

[5] *Véase* Entrada Núm. 15 de SUMAC.

En lo pertinente, el **12 de septiembre de 2021**, se presentó ***Moción Solicitando Renuncia a la Representación Legal,*** en la que el licenciado Salichs solicitó permiso para renunciar como abogado de Oriental.[6] **El 23 de septiembre de 2021, el foro primario autorizó la renuncia.[7]**

El **21 de septiembre de 2021**, la licenciada Velma E. Díaz Carrasquillo y la licenciada Yanira Milland Santiago (ambas de la misma oficina legal) presentaron ante el TPI ***Moción Asumiendo Representación Legal*** a los fines de asumir la representación legal de Oriental.[8] El 21 de septiembre de 2021, el foro primario declaró Ha Lugar la referida moción.[9]

Posteriormente, el foro primario emitió la *Sentencia Parcial* que desestimó la Demanda de Ejecución de Hipoteca presentada por Oriental en contra de la parte apelada.[10] Tras apelar dicha *Sentencia Parcial*, el 15 de febrero de 2024, este Tribunal de Apelaciones confirmó la desestimación mediante Sentencia emitida en el caso con designación alfanumérica KLAN20230054, concluyendo que al no haber un documento firmado por el matrimonio Figueroa Padilla que constara en escritura pública en el cual se modificara o añadiera alguna condición a las ya establecidas en el Pagaré firmado por ambas partes o que dispusiera la cantidad de $19,609.28 como pago final global a satisfacerse, no tenían validez ni fundamento jurídico las alegaciones de Oriental.[11] El

---

[6] *Véase* Entrada Núm. 23 de SUMAC
[7] *Véase* Entrada Núm. 26 de SUMAC
[8] *Véase* Entrada Núm. 25 de SUMAC.
[9] *Véase* Entrada Núm. 28 de SUMAC.
[10] *Véase* Entrada Núm. 55 de SUMAC.
[11] *Véase* Entrada Núm. 78 de SUMAC.

mandato fue recibido por el Tribunal el 5 de mayo de 2024.[12]

El **9 de abril de 2024,** la licenciada Velma Díaz Carrasquillo presentó ***Moción Urgente sobre Relevo de Representación Legal*** en la que pidió ser relevada porque estaría cerrando su oficina y cesando operaciones.[13] Allí informó la misma dirección física de Oriental a la que se había aludido en escritos previos y una dirección postal distinta: PO Box 362230, San Juan, Puerto Rico,00936-2230.[14] Mediante *Orden* de 10 de abril de 2024, el foro primario declaró con lugar el relevo de la representación legal y concedió a Oriental un término de treinta (30) días para informar su nueva representación legal.[15] Aunque dicha Orden se notificó a la dirección postal provista por Oriental al presentar su *Demanda*, no se notificó a la anunciada por la licenciada Díaz Carrasquillo en su *Moción Urgente sobre Relevo de Representación Legal* (PO Box 362230, San Juan, Puerto Rico 00936).

El 3 de diciembre de 2024, el foro primario emitió Orden a las partes para auscultar fechas disponibles para vista sobre estado de los procedimientos. Dicha Orden no se notificó directamente a Oriental sino al licenciado Juan C. Rivera Rodríguez, abogado de la parte apelada y a la licenciada Cynthia Román Sánchez, quien fungió como abogada de Oriental durante el trámite apelativo.[16] Acto seguido, el 9 de diciembre de 2024, la licenciada Cynthia Román Sánchez, compareció ante el TPI e

---

[12] *Véase* Entradas Núm. 83-84 de SUMAC.
[13] *Véase* Entrada Núm. 81 de SUMAC.
[14] *Id*.
[15] *Véase* Entrada Núm. 82 de SUMAC.
[16] *Véase* Entrada Núm. 86 de SUMAC.

informó que se veía imposibilitada de cumplir con la Orden del 3 de diciembre ya que no representaba ni tenía ninguna relación comercial con Oriental y advirtió que la dirección de Oriental era la siguiente: 254 Muñoz Rivera Avenue, San Juan PR 00918, PO Box 19115, San Juan PR 00919-5115.[17]

Mediante Orden del 9 de diciembre de 2024, notificada el 12 de diciembre de ese año, el foro primario señaló vista sobre el estado de los procedimientos para el 28 de febrero de 2025. Aunque en dicha orden el TPI excusó a la licenciada Cynthia Román Sánchez se omitió notificar directamente a Oriental.[18]

La vista del 28 de febrero de 2025 se celebró sin la comparecencia de Oriental. De la Minuta de la Vista surge que se informó sobre el fallecimiento del Sr. Orlando Figueroa Marcano y que se estaba tratando de llegar a un acuerdo con Oriental.[19] Asimismo de la Minuta de la vista surge lo siguiente:

> El Tribunal notifica que la parte demandante estuvo cumpliendo con las órdenes, sin embargo, desde que renunció la abogada no ha habido contestaciones.
>
> **La parte demandante tiene el término de cinco días para mostrar causa por la cual no se le debe anotar la rebeldía o eliminar las alegaciones.**
>
> **El Tribunal señala Conferencia con Antelación a Juicio para el 6 de mayo de 2025 a las 9:00 am.**
>
> **Si antes del próximo señalamiento el demandante no ha contestado, el Tribunal tomará las debidas provisiones.[20]**

---

[17] *Véase* Entrada Núm. 87 de SUMAC.
[18] *Véase* Entrada Núm. 88 de SUMAC.
[19] *Véase* Entrada Núm. 89 de SUMAC.
[20] *Id.*

Si bien la Minuta consta en SUMAC, esta no se notificó a ninguna de las partes y tampoco surge que la Minuta esté firmada por el Juez.

Sin embargo, el **6 de mayo de 2025** el foro primario celebró **Vista con Antelación al Juicio** en el Caso Civil: BY2021CV00978 y posteriormente emitió *Minuta- Orden*, transcrita el 9 de mayo del corriente año, en la que dispuso lo siguiente:

MINUTA-ORDEN

Atendida la Vista de Conferencia con Antelación al Juicio hoy, compareció el Lcdo. Juan C. Rivera Rodríguez en representación de la parte demandada. La **parte demandada no compareció ni excusó su incomparecencia.** El licenciado Rivera expresó que ningún abogado ha asumido representación legal por parte de Oriental luego que renuncio el anterior. Indicó que un representante del banco se comunicó a su oficina y se trató de resolver el caso. Sin embargo, las últimas veces que trató de comunicarse fue infructuoso. Ante el incumplimiento de Oriental con las órdenes del Tribunal, **solicitó se eliminen las alegaciones y se les anote la rebeldía y que se señale el caso para vista en rebeldía. Esto debido a que su representada tiene una reconvención. Entiende que su representada sería quien testificaría para establecer las alegaciones de la reconvención.** Ante lo expresado, el **Tribunal** determina lo siguiente:

Declaró con lugar lo solicitado y **ordenó eliminar las alegaciones** que queden **pendientes** de Oriental Bank puesto que **no han cumplido con las órdenes del Tribunal. Se le imponen $500.00 en sanciones a Oriental Bank por no haber asistido a la vista ni cumplir con las órdenes del Tribunal. Se señala Juicio en su Fondo para ver la Reconvención para el 24 de julio de 2025 a las 9:00 a.m. en el Tribunal de Toa Alta de manera presencial.** El licenciado Rivera fue notificado del señalamiento en corte abierta[21]

La ***Minuta Orden*** se notificó al representante legal de la parte apelada, a la licenciada Cynthia Román Sánchez y a Oriental a la siguiente dirección: PO Box 362230, San Juan, Puerto Rico, 00936-2230.[22]

---

[21] *Véase* Entrada Núm. 92 de SUMAC.
[22] *Id. Véase* boleta de notificación.

El 24 de julio de 2025 el Tribunal emitió *Orden* dirigida a la parte apelada en la que indicó que para fines de valorar los daños debía utilizar jurisprudencia que pudiera servir de referencia para la estimación y valoración de los daños y que contengan hechos similares, así como también incluir la fórmula que actualiza el valor a tenor con lo expuesto en el caso de *Santiago Montañez* v. *Fresenius Medical Care*, 195 DPR 476 (2016); *Rodríguez Ramos* v. *Hospital Dr. Susoni*, 186 DPR 889 (2012).[23] Sin embargo, esta orden tampoco se le notificó directamente a Oriental.

Finalmente, el juicio en su fondo se llevó a cabo **24 de julio de 2025**. Del primer párrafo de la **Minuta** de la vista surge lo siguiente: "[c]elebrado el acto del Juicio en su Fondo **no compareció la Lcda. Cynthia Román Sánchez en representación de la parte demandante Oriental Bank**."[24] Surge de la *Minuta* que el Tribunal declaró Con Lugar la reconvención en favor de la parte apelada y que dejó "por sometido el caso para dictar la correspondiente sentencia."[25] Sin embargo, no consta de SUMAC que la mencionada Minuta fuera notificada a Oriental.

Así las cosas, el 11 de agosto de 2025 la licenciada Cynthia Román Sánchez presentó *Moción Comparecencia Especial* en la que indicó que recibió notificación de la *Minuta* del juicio en su fondo y allí **advierte que ella no compareció como**

---

[23] *Véase* Entrada Núm. 95 de SUMAC
[24] *Véase* Entrada Núm. 96 de SUMAC.
[25] *Id.*

**representante    legal    de    Oriental**.[26]    En    dicha
comparecencia  especial  la  licenciada  Cynthia  Román
Sánchez aseveró lo siguiente:

> 2. **Es menester aclarar que según surge de SUMAC nosotros NO representamos a Oriental Bank.**
>
> 3. **Nuestra breve intervención se circunscribió al trámite apelativo.** Posteriormente informamos al Tribunal que 9 de diciembre de 2024 le informamos al Tribunal que nuestra intención estuvo limitada al trámite apelativo. Véase SUMAC 87. Así las cosas, el tribunal nos excusó al reconocer que no representamos a Oriental Bank. Incluso le informamos al Tribunal la dirección de Oriental Bank y pudimos ver el docket que le notificaron, aunque luego dejaron de hacerlo. Ent. 97, págs. 1-2.[27]

Posteriormente, **el 11 de agosto de 2025**, **Oriental, por medio del licenciado Javier Montalvo Cintrón, presentó una *Moción Asumiendo Representación Legal*.[28] A esos fines, mediante *Orden* de 12 de agosto de 2025 el foro primario aceptó la representación legal.[29]**

En  igual  fecha,  **11 de agosto de 2025,** Oriental
presentó ***Moción para que se Declare Nula la Orden de Eliminación de las Alegaciones, las Sanciones y el Juicio en su Fondo Celebrado***.[30] Allí Oriental arguyó lo siguiente:

> […] **las órdenes dictadas por el Tribunal los días 25 de noviembre de 2024, 9 de diciembre de 2024, 28 de febrero de 2025, 22 de abril de 2025, 23 de julio de 2025, y 24 de julio de 2025 luego de la renuncia de la representación legal no fueron notificadas a Oriental, en violación al debido proceso de ley. Conjuntamente, la eliminación de las alegaciones de Oriental como sanción se llevó a cabo sin el previo y necesario apercibimiento requerido por la Regla 39.2(a) de Procedimiento Civil, supra. Como mencionamos, la eliminación de las alegaciones constituye una sanción drástica, que solamente debe prevalecer en situaciones extremas en las que sea clara e inequívoca la**

---

[26] *Véase* Entrada 97 de SUMAC.
[27] *Id.*
[28] *Véase* Entrada Núm. 98 de SUMAC.
[29] *Véase* Entrada Núm. 102 de SUMAC.
[30] *Véase* Entrada Núm. 99 de SUMAC.

**desatención y el abandono total de la parte con interés y después que otras sanciones hayan probado ser ineficaces y, en todo caso, no deberá procederse a ella sin un previo apercibimiento. Para ello se requiere una notificación directa a la parte que se verá afectada de manera que se le permita actuar para corregir la falta señalada. En síntesis, se exige que, previo a la imposición de una sanción tan drástica como la eliminación de las alegaciones, se notifique y aperciba directamente a la parte. En este caso eso no ocurrió. Oriental no fue notificada de las órdenes ni apercibida y no tuvo la oportunidad del debido proceso de ley de defenderse. Todos los acontecimientos del proceso judicial desde noviembre 2024 hasta el juicio ocurrieron sin que Oriental fuera adecuadamente notificado. Sus alegaciones fueron eliminadas sin el previo y debido apercibimiento.**

**46. Por lo cual, la orden mediante la cual se eliminaron las alegaciones de Oriental y se le impuso sanciones por $500.00 es nula ya que el Tribunal (i) no agotó las medidas que brinda la Regla 39.2 (a) de Procedimiento Civil, 32 L.P.R.A. Ap. V. R. 39.2 antes de actuar, en específico, no informó o apercibió a Oriental de la situación y de las consecuencias que podía tener el que ésta no fuera corregida, y (ii) no notificó las órdenes directamente a Oriental, continuando el proceso judicial hasta la celebración del junio en su fondo, lo cual resulta en una violación al Debido Proceso de Ley en su vertiente procesal. Conjuntamente, por los mismos fundamentos es nulo el Juicio en su Fondo celebrado. Ent. 99, págs. 9-10, (énfasis suplido).[31]**

El 12 de agosto de 2025, la parte apelada se opuso a la *Moción para que se Declare Nula la Orden de Eliminación de las Alegaciones, las Sanciones y el Juicio en su Fondo Celebrado* **presentada por Oriental y esbozó que Oriental fue notificado durante todo el proceso y que, siendo notificado, decidió no comparecer.**[32]

---

[31] *Id.*
[32] *Véase* Entrada Núm. 106 de SUMAC.

En desacuerdo, el 13 de agosto de 2025, Oriental presentó *Réplica* ante el foro primario.[33] En dicho escrito Oriental expuso lo siguiente:

> 2. Contrario a lo alegado por la parte demandada, **la controversia planteada por Oriental es si antes del Tribunal dictar la orden del 6 de mayo de 2025, mediante la cual se ordenó eliminar las alegaciones de Oriental por incumplir con las órdenes del Tribunal y se le impuso $500.00 en sanciones por no haber asistido a la vista ni cumplir con las órdenes del Tribunal, el Tribunal apercibió a Oriental de la situación y de las consecuencias que podía tener el que ésta no fuera corregida conforme lo requiere la Regla 39.2(a) de Procedimiento Civil. Véase, con relación a este asunto, HRS Erase v. CMT, 205 DPR 689 (2020).**
>
> ………
>
> 5. Contrario a lo alegado por la parte demandada, <u>a partir del 25 de noviembre de 2024, las órdenes del Tribunal</u> no fueron notificadas Oriental. <u>Luego de la renuncia de la representación legal de Oriental las órdenes dictadas el 25 de noviembre de 2024, el 9 de diciembre de 2024, el 28 de febrero de 2025, el 22 de abril de 2025, el 23 de julio de 2025, y el 24 de julio de 2025 no le fueron notificadas a Oriental.** **Por lo cual, todas las incidencias del caso a partir de esa fecha son nulas, incluyendo y sin limitarse al juicio en su fondo celebrado.**
>
> 6. Contrario a lo alegado por la parte demandada, **Oriental no eligió abandonar su participación en el caso.** De hecho, <u>la parte demandada debió, antes de solicitar la eliminación de la alegaciones e imposición de sanciones a Oriental, corroborar si todas las órdenes dictadas por el Tribunal habían sido notificadas a Oriental. Si lo hubiera hecho se hubiera percatado que la ausencia de Oriental a las vistas o cumplimiento con las órdenes se debía a que Oriental no estaba siendo notificado. Oriental no eligió colocarse en una rebeldía, más bien se le violó su debido proceso de ley al no ser notificado. […]</u> Ent. 108, págs. 1-2, (énfasis suplido).

El 13 de agosto de 2025 el foro primario notificó Orden en la que declaró No Ha Lugar la nulidad de los procesos al concluir que Oriental incumplió con las órdenes del Tribunal y abandonó en proceso, aún cuando fue notificada de la Sentencia emitida por el Tribunal de Apelaciones.[34]

---

[33] *Véase* Entrada Núm. 108 de SUMAC.
[34] *Véase* Entrada Núm. 111 de SUMAC.

El 14 de agosto de 2025, Oriental informó al TPI que había entregado el pagaré hipotecario a la parte apelada.[35]

El 26 de agosto de 2025, el foro primario emitió Sentencia en rebeldía en la que declaró Ha Lugar la *Reconvención* presentada por la parte apelada.[36] En dicha Sentencia el TPI advino a las siguientes determinaciones de hechos:

1. El día 20 de agosto de 2005, el Sr. Orlando Figueroa Marcano y la Sra. Gloria E. Padilla Calderón suscribieron un Pagaré Hipotecario (en adelante, el Pagaré) y Escritura de Hipoteca Número 159, mediante el Affidávit 2337, ante el notario público Félix J. Santiago García, donde se obligaron y asumieron una deuda hipotecaria con RG Premier Bank of Puerto Rico por la suma principal de $26,800, a ser satisfecha mensualmente, durante 15 años, a razón de 180 pagos mensuales de $171.60.

2. La deuda estipulada en el Pagaré tenía fecha de vencimiento del 1 de septiembre de 2020.

3. El préstamo hipotecario concedido a los demandados mediante el Pagaré de RG Premier Bank of Puerto Rico, fue transferido a Oriental Bank bajo el número de préstamo 1348669.

4. Oriental Bank adquirió los derechos y obligaciones del préstamo 1348669, concedido a los demandados por RG Premier Bank of Puerto Rico, por lo cual adquirió los derechos y obligaciones comprendidas en el Pagaré original

5. Todos los 180 pagos mensuales de la hipoteca fueron satisfechos puntualmente por los demandados, pues las mensualidades de la hipoteca por la cantidad de $170.60, eran pagadas por la Sra. Gloria E. Padilla Calderón mediante débito directo de su cuenta de banco.

6. Este Tribunal determina y concluye que los demandados, Sr. Orlando Figueroa Marcano y la Sra. Gloria E. Padilla Calderón, cumplieron satisfactoriamente su obligación de pagar puntualmente la totalidad de la deuda hipotecaria estipulada en el Pagaré

---

[35] *Véase* Entrada Núm. 112 de SUMAC.
[36] *Véase* Entrada Núm. 123 de SUMAC.

Hipotecario (en adelante, el Pagaré) y Escritura de Hipoteca Número 159, asumida mediante el Affidávit 2337, suscritas ante el notario público Félix J. Santiago García, por la suma principal de $26,800.00 a ser satisfecha mensualmente durante 15 años a razón de 180 pagos mensuales de $171.60.

7. Por lo tanto, en agosto de 2020, los demandados, Sr. Orlando Figueroa Marcano y la Sra. Gloria E. Padilla Calderón le saldaron a Oriental Bank, a tiempo y conforme acordado, la totalidad del préstamo número 1348669, el cual se declara por satisfecho en su totalidad sin existencia de deuda, penalidades o pago adicional alguno, con fecha de efectividad del 1 de septiembre de 2020.

8. A pesar de que los demandados pagaron la hipoteca a tiempo y conforme estipulado en el Pagaré original, en septiembre de 2020, Oriental Bank comenzó a hacer llamadas y gestiones de cobro en contra de los demandados, alegando que existía un balance sin pagar en el préstamo 1348669, por concepto de un pago final (balloon payment) de $19,609.28, el cual no fue estipulado en el Pagaré, ni en la Escritura de Hipoteca Número 159 otorgada el 20 de agosto de 2005, ante el notario público Félix J. Santiago García, por lo cual se trata de unas gestiones de cobro ilegales hechas por Oriental Bank.

9. Desde septiembre de 2020 al presente, Oriental Bank ha estado reportando ilegalmente a los demandados a las agencias de puntación de crédito por una deuda inexistente reflejada en el préstamo 1348669, por la suma inicial de $19,609.00.

10. El 22 de febrero de 2023, emitimos Sentencia Parcial donde entre otras cosas, determinamos que la deuda reclama por Oriental Bank no había sido estipulada en el Pagaré y ordenamos la entrega del Pagaré para su cancelación. Esta Sentencia fue confirmada por el Tribunal de Apelaciones en cuanto a ese particular, pero, aun así, Oriental Bank no entregó el Pagaré Hipotecario a los demandados hasta el 15 de agosto de 2025, y les continuó reportando negativamente a las agencias de crédito, sin haber hecho diligencia alguna durante el restante del proceso luego de confirmada la Sentencia Parcial emitida por este Tribunal, para tratar de demostrar la existencia de una deuda personal. Determinamos que dicha deuda personal no existe, y que la parte demandante actuó con malicia premeditada al reportar a los demandados a las agencias de

créditos, esto a pesar de que la deuda fue pagada de conformidad con lo acordado mediante débito directo de su cuenta de banco.

11. Las anotaciones negativas reportadas por Oriental Bank a todas las agencias de reporte y puntuación de crédito, contra el historial de crédito de los demandados, Sr. Orlando Figueroa Marcano y la Sra. Gloria E. Padilla Calderón, son un acto ilegal que no refleja la realidad del historial de crédito de los demandados en el préstamo 1348669, por lo cual se determina y se ordena a las agencias de crédito correspondientes, que eliminen toda anotación negativa reportada por Oriental Bank luego del 1 de septiembre de 2020, contra el historial de crédito de Sr. Orlando Figueroa Marcano y la Sra. Gloria E. Padilla Calderón en el préstamo 1348669.

12. Se ordena a Oriental Bank tomar todas las acciones necesarias y medidas pertinentes, consistente con lo aquí resuelto, para reparar el crédito de los demandados ante todas las agencias de crédito que hayan recibido entradas negativas contra el historial de crédito de los demandados en el préstamo 1348669, luego del 1 de septiembre de 2020.

13. Se le ordena a Oriental Bank informar a las agencias de crédito que el préstamo 1348669, fue saldado satisfactoriamente por los demandados efectivo al 1 de septiembre de 2020, y entregarle carta de saldo a los demandados con efectividad a esa fecha.

14. Los hechos que arriba se detallan ocasionaron múltiples angustias, sufrimientos y problemas matrimoniales, en la persona de la Sra. Gloria E. Padilla Calderón, quien testificó que la situación ocasionada por los cobros ilegales de Oriental Bank le ocasionó mucho sufrimiento a su esposo el Sr. Orlando Figueroa Marcano, porque ella se veía forzada a continuamente estar demostrándole a su esposo que los pagos se habían hecho conforme acordado mediante débito directo de su cuenta.

15. Las llamadas y cartas de Oriental Bank eran constantes, y mensualmente, aun luego de haberse emitido la Sentencia Parcial, lo cual le ponía muy nerviosa a la señora Padilla Calderón.

16. La señora Padilla Calderón presentó una carta de saldo (Pay Off Letter) del 1 de junio de 2023 (6/01/23), donde se reflejaba

que la deuda permanecía impagada según los registros de Oriental Bank y ya ascendía a $28,817.21.

17. Oriental Bank continúa actualmente reportando la deuda como impagada, por lo cual cuando en el año 2022, la señora Padilla Calderón trató de comprar un auto usado, un Mazda Cx5 del 2019, el préstamo le fue denegado porque se reflejaba un historial de negativo en su reporte de crédito atribuible a las entradas negativas reportadas por Oriental Bank.

18. En el año 2022, la señora Padilla Calderón tuvo que recurrir a su hermana Sra. Milagros Padilla Calderón, para que le ayudara a adquirir el auto a su nombre en beneficio de la demandada.

19. Actualmente, la señora Padilla Calderón paga a su hermana la cantidad mensual de $593.81 por concepto del auto usado, cuyo financiamiento le fue denegado como consecuencia del historial de crédito negativo que los actos culposos de Oriental Bank le han ocasionado al reportar como adeudada una cuenta que sí fue saldada desde septiembre de 2020 al presente.

20. El Sr. Orlando Figueroa Marcano falleció de un infarto el día 25 de diciembre de 2024, sin ver concluida y resuelta la controversia con Oriental Bank.

21. Este Tribunal pudo percibir lo angustioso que resulta para la Sra. Gloria Padilla Calderón, expresarse sobre los efectos que la situación provocada por Oriental Bank ha tenido en la dama y en su esposo. Los demandados han sufrido intensos sufrimientos y angustias mentales, que quedaron evidenciados para este Tribunal.

22. El Tribunal determina que la culpa de Oriental Bank al reportar como impagada la deuda a las agencias de crédito, ocasionó daños al historial de crédito de la señora Padilla Calderón, lo cual provocó que le denegaran el financiamiento de un auto usado.

23. Los malos ratos y angustias mentales diarias, sufridos por la Sra. Gloria Padilla Calderón y su esposo, Sr. Orlando Figueroa Marcano, así como el daño al historial de crédito de la dama, y fueron todos provocados por la culpa y negligencia de Oriental Bank, al implementar gestiones de cobro y reportar erróneamente a la señora Padilla Calderón a las agencias de puntuación de crédito.

24. Todos los daños reclamados son atribuibles a la culpa y negligencia de Oriental Bank.

25. Este Tribunal ha quedado igualmente convencido de que Oriental Bank, presentó una Demanda frívola, pues de una lectura de los documentos que estaban a su alcance y control, se desprendían las cuantías estipuladas por los demandados y fácilmente se podía concluir que los demandados no estipularon un pago final de $19,000. Aun así, desde luego de confirmada nuestra Sentencia Parcial en febrero de 2024, y habiéndosele concedido la oportunidad de desarrollar cualquier otra posibilidad de causa de acción, Oriental Bank no hizo ninguna gestión en el caso, abandonó su causa de acción y dilató innecesariamente la solución de la controversia, incluyendo el desobedecer la Orden para que entregara el Pagaré a los demandados.

26. A pesar de haber recibido una Orden para entregar el Pagaré original a los demandados, Oriental Bank retuvo el documento hasta el 15 de agosto de 2025, cuando compareció al pleito luego de las diligencias hechas por su antigua representación legal.

27. El comportamiento de Oriental Bank hacia los demandados, hacia el Tribunal y hacia su causa de acción, fue uno temerario que dilató innecesariamente el proceso, aumentando así los sufrimientos de los demandados.

28. Este Tribunal le impone a Oriental Bank la suma de $3,500.00, por concepto de honorarios por temeridad.

A base de las anteriores determinaciones de hechos el TPI dispuso lo siguiente en la Sentencia:

Se impone la suma de $6,500.00 contra la parte demandante, en sufrimientos y angustias mentales a favor de la Sra. Gloria E. Padilla Calderón, y la cantidad de una tercera parte de los sufrimientos heredados de su esposo, Sr. Orlando Figueroa Marcano, para una suma adicional de $6,500.00, todo a ser satisfecho al 8.50% de interés legal, computado desde el 1 de septiembre de 2020. Resolvemos que Oriental Bank actuó con temeridad en el manejo del presente caso, por lo cual imponemos la cantidad de $3,500.00, en honorarios de abogado.

Se ordena a Oriental Bank a notificar a las agencias de historial de crédito que los demandados han satisfecho la deuda reclamada y a gestionar la eliminación de los atrasos reportados desde el 1 de septiembre de 2020.[37]

Inconforme, Oriental acude ante nos mediante el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL IMPONERLE A ORIENTAL LA SEVERA SANCIÓN DE LA ANOTACIÓN DE REBELDÍA O LA ELIMINACIÓN TOTAL DE SUS ALEGACIONES CUANDO EL PROPIO TRIBUNAL INCUMPLIÓ CON EL REQUISITO DEL DEBIDO PROCESO DE LEY DE NOTIFICAR Y APERCIBIR DIRECTAMENTE A LA PARTE PREVIO A PROCEDER CON ESE DRÁSTICO REMEDIO.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR LA SOLICITUD DE ORIENTAL PARA DEJAR SIN EFECTO LA ANOTACIÓN DE REBELDÍA O LA ELIMINACIÓN TOTAL DE SUS ALEGACIONES Y DECRETAR LA NULIDAD DE LOS PROCESOS MEDIANDO UNA SERIE DE ÓRDENES Y ESCRITOS MEDULARES QUE NO FUERON PROPIAMENTE NOTIFICADOS.

TERCER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CELEBRAR EL JUICIO EN SU FONDO EN REBELDÍA Y DESPOJAR A ORIENTAL DE SU RECLAMO DE COBRO DE DINERO POR LA VÍA PERSONAL.

CUARTO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR SENTENCIA EN REBELDÍA SIN PROVEERLE A ORIENTAL UNA OPORTUNIDAD RAZONABLE Y ADECUADA PARA DEFENDERSE DE UN RECLAMO IMPROCEDENTE Y CUYA RESPONSABILIDAD HA NEGADO.

QUINTO ERROR: EN LA ALTERNATIVA, ERRÓ EL TRIBUNAL AL EMITIR SENTENCIA A FAVOR DE LOS DEMANDADOS CUANDO ÉSTOS NO ESTABLECIERON QUE TIENEN DERECHO A UN REMEDIO BAJO EL FAIR CREDIT REPORTING ACT OF 1970, LEY QUE OCUPA EL CAMPO CUANDO UN CONSUMIDOR SOLICITA RESARCIMIENTO CONTRA UN PROVEEDOR DE INFORMACIÓN A LAS AGENCIAS DE CRÉDITO.

El 15 de septiembre de 2025, emitimos *Resolución* en la que concedimos a la parte apelada hasta el **13 de octubre de 2025** para someter su alegato. Regla 22 del

---

[37] *Id*. a la página 14.

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.22 (2009). Allí advertimos que transcurrido dicho término sin presentar el correspondiente escrito, adjudicaríamos el recurso sin el beneficio de la comparecencia de la parte apelada y que las partes debían tener presente que el cumplimiento con los términos reglamentarios no está sujeto a las notificaciones de las órdenes interlocutorias del Tribunal de Apelaciones.

**La parte apelada compareció ante nos oportunamente, el 13 de octubre de 2025** mediante *Alegato del Apelado y Moción de Desestimación por Falta de Jurisdicción.* Allí sostiene que la señora Padilla Calderón y su hoy fallecido esposo, Sr. Orlando Figueroa Marcano, tomaron un préstamo de $26,800 al 6.25% de interés a ser pagado en 15 años y saldaron dicho préstamo en agosto de 2020, mediante débito directo de su cuenta de banco, cumpliendo con todos los términos estipulados en el Pagaré original. Arguye la parte apelada que a pesar de lo anterior, en marzo de 2021, Oriental les demandó alegando que se les adeudaba la cantidad de $19,609, que supuestamente estos habían estipulado como pago final (balloon payment) en el último mes del financiamiento. Sostiene además, la parte apelada que Oriental alegó en su reclamación, que la señora Padilla Calderón y su hoy fallecido esposo, Sr Orlando Figueroa Marcano, supuestamente le obligaron a devolver el 73.16% del préstamo, en el último mes, luego de haber estado pagando el préstamo por 15 años. Argumenta la parte apelada en su alegato, que Oriental ha sostenido esta

postura a sabiendas de que eso no fue lo que se acordó en el Pagaré, y que así lo resolvió este Honorable Tribunal de Apelaciones al confirmar la *Sentencia Parcial* emitida el 22 de febrero de 2023 por el foro primario en el caso de epígrafe.[38]

Destaca igualmente la parte apelada que este Tribunal de Apelaciones **notificó su *Sentencia* a las partes el 14 de febrero de 2024, y que desde esa fecha Oriental no hizo ninguna gestión adicional en el caso, dando por abandonada su causa de acción,** a pesar de que el 28 de mayo de 2024, el foro primario le ordenó contratar nueva representación legal y le notificó dicha orden directamente a la dirección postal de Oriental Bank. **En esencia, <u>la parte apelada sostiene que Oriental fue correctamente notificado</u>; que recibió, las notificaciones de SUMAC Núm. 85 (28 de mayo de 2024) y SUMAC Núm. 92 (13 de mayo de 2025), y que a pesar de ello tomó la decisión informada de ignorar al foro primario y abandonar su caso durante un año completo.**

−II-

A.

El Tribunal Supremo de Puerto Rico reiteró en *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011), que "[l]a rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". El propósito principal de la rebeldía

---

[38] Ver Entrada Núm. 55 de SUMAC y *Sentencia* del 14 de febrero de 2024, emitida por el Tribunal de Apelaciones en el caso KLAN202300547, Entrada Núm. 78 de SUMAC

es desalentar el uso de la dilación de los procedimientos como la estrategia de litigación.

Una parte puede ser declarada en rebeldía en las circunstancias siguientes:

(1) **Por no comparecer al proceso después de haber sido debidamente emplazada.**

(2) **El demandado no contesta o alega en el término concedido por ley, pero ha comparecido en una moción previa de donde no surja la intención clara de defenderse.**

(3) Una parte se niega a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden el tribunal.

*Rivera Figueroa v. Joe's European Shop,* supra*,* págs. 587, 588.

La Regla 45 de Procedimiento Civil, 32 LPRA Ap. V, R. 45, "permite que el tribunal *motu proprio*, o a solicitud de parte, le anote la rebeldía a la otra por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción". *Bco. Popular v. Andino Solís*, 192 DPR 172, 178-179 (2015). El propósito de este mecanismo es evitar que la dilación se utilice como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). En específico, la Regla 45.1 de Procedimiento Civil, *supra*, establece que:

**Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo <u>haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.</u>**

El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a

cualquier parte conforme a la Regla 34.3(b)(3).

**Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).**

La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía. (Énfasis suplido).

Una parte puede ser declarada en rebeldía por tres (3) fundamentos. **Sobre el particular, el Tribunal Supremo añadió que, en estas instancias, la anotación de rebeldía se impondrá como una sanción.** *Rivera Figueroa v. Joe's European Shop, supra,* pág. 588 (Énfasis suplido)

Sobre este particular, la Regla 34.3(b)(3) y (6) del Procedimiento Civil, 32 LPRA Ap. V, R. 34.3, establece lo siguiente:

Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:

(1) […]

(2) […]

(3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.

(4)[…]

(5)[…]

(6) Una orden, bajo las condiciones que estime justas, para imponer a

cualquier parte, testigo, abogado o abogada una sanción económica como resultado de sus actuaciones.

[…]

De igual forma, la Regla 39.2(a) de Procedimiento Civil, dispone en lo pertinente;

(a) Si la parte demandante deja de cumplir **con estas reglas o con cualquier orden del tribunal,** el tribunal a iniciativa propia o a solicitud de la parte demandada **podrá decretar la desestimación** del pleito o de cualquier reclamación contra esta **o la eliminación de las alegaciones**, según corresponda. Cuando se trate de un primer incumplimiento, **la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder**. Si el abogado o abogada de la parte no responde a tal apercibimiento, **el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte** sobre la situación. **Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.
(Énfasis suplido.) Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V. R.39.2(a). *Véase* también *Mun. de Arecibo v. Almac. Yakima*, supra; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

Cuando se plantea ante el Tribunal de Primera Instancia una situación que amerite sanciones se debe amonestar primero al abogado de la parte. No obstante, si esa acción disciplinaria no produce efectos positivos, el tribunal tiene que notificarlo a la parte. La desestimación de la demanda y la eliminación de las alegaciones no procede, si la parte no ha sido notificada directamente, debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento. La eliminación de las alegaciones y la desestimación solo procede después de notificar

debidamente a la parte. *Mejías et al v. Carrasquillo et al,* 185 DPR 288, 297 (2012), Regla 39.2(a), 32 LPRA Ap. V.

Tan reciente como en *HRS Erase* v. *Centro Médico del Turabo,* supra, pág. 709, el Tribunal Supremo ratificó la norma antes establecida. Nuestro más Alto Foro reiteró que la notificación adecuada es un componente medular de la administración de la justicia. A través de la notificación, las partes tienen la oportunidad de advenir en conocimiento real de la determinación tomada. Además, les brinda a las personas, cuyos derechos pudieran verse transgredidos, una mayor oportunidad de determinar si ejercen o no los remedios concedidos por ley.

Dicho lo anterior, como podemos observar, el efecto de la anotación de rebeldía es que se dan por ciertos todos los hechos que están correctamente alegados y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho. Íd., pág. 590; *Bco. Popular v. Andino Solís, supra,* pág. 179. Sin embargo, nuestro Más Alto Foro ha establecido que **a pesar de que el Tribunal tenga la discreción de anotar rebeldía o dictar sentencia en rebeldía a una parte como sanción por incumplimiento con las órdenes del Tribunal, dicho proceder se debe hacer dentro del marco de lo que es justo.** (Énfasis suplido) *Rivera Figueroa v. Joe's European Shop, supra,* pág. 590. La ausencia de tal justicia equivaldría a un abuso de discreción. *Íd.*

Ahora bien, cónsono con lo anterior, en el caso de *HRS Erase, Inc., v. Centro Médico del Turabo,*

*Inc.,* 205 DPR 689, 707-708 (2020) y en el caso normativo, *Maldonado v. Srio. De Rec. Naturales*, 113 DPR 494, 498 (1982) el Tribunal Supremo estableció que **la Regla 34.3(b) de Procedimiento Civil, *supra*, exige que previo a que se imponga una sanción severa al amparo de dicha regla, éste debe en primera instancia, imponer sanciones económicas al abogado de la parte por su incumplimiento con las órdenes del Tribunal. Posteriormente, si ello no produce frutos positivos, se debe notificar directamente a la parte de la negligencia de su representación legal y la consecuencia que ello conlleva si no se corrige**. *Íd.*

Reconocemos que, en estos casos, nuestro Más Alto Foro se limitó a interpretar esta norma en cuanto a la eliminación de alegaciones y desestimación. Sin embargo, la disposición antes mencionada también regula la anotación de rebeldía.

Por lo tanto, entendemos que la normativa de la notificación directa a la parte informándole sobre los incumplimientos de su representación legal con las órdenes del Tribunal y las consecuencias de ello, es de aplicación a la imposición de la sanción de anotación de rebeldía. Incumplir con dicho proceder trastocaría el debido proceso de ley. *HRS Erase Inc. v. Centro Médico del Turabo, Inc., supra,* pág. 709.

La rebeldía tiene como efectos que se den por admitidos todos los hechos bien alegados en la demanda y se autoriza al tribunal para que se dicte sentencia. La sanción de la rebeldía por incumplimiento de una orden del tribunal siempre debe darse dentro del marco de lo que es justo. La falta de justicia equivaldría a

un abuso de discreción. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 590; *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 815 (1978).

La Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, permite dejar sin efecto la anotación de rebeldía si existe una causa justificada. Igualmente, permite dejar sin efecto una sentencia en rebeldía conforme a los criterios de la Regla 49.2 de Procedimiento Civil. Esta regla debe interpretarse de forma liberal y cualquier duda debe resolverse a favor de la parte que solicita se levante la rebeldía o se deje sin efecto la sentencia en rebeldía. *Rivera Figueroa v. Joe's European Shop,* supra, págs. 591-592.

La parte que solicita que se deje sin efecto la anotación de rebeldía tiene que presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio a la otra parte es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop,* supra, pág. 593.

La justa causa se ha considerado como la que reúne los siguientes criterios: a) si el peticionario tiene una buena defensa en sus méritos; b) el tiempo que medie entre la sentencia y la solicitud de relevo; y c) el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia. *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283, 294 (1988).

Finalmente, reiteramos que si bien es preciso la Regla 45.3 de Procedimiento Civil, *supra,* permite que

el tribunal deje sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de Procedimiento Civil, *infra*. Al respecto, el Tribunal Supremo ha expresado que la facultad de un foro de instancia para dejar sin efecto una anotación de rebeldía al amparo de la Regla 45.3 de Procedimiento Civil, *supra,* se enmarca en la existencia de justa causa. *Rivera Figueroa v. Joe's European Shop, supra,* pág. 592.

-III-

Es la contención principal de Oriental en el recurso que nos ocupa que la Sentencia apelada es inoficiosa toda vez que esta es fruto de un trámite que crasamente violenta el debido proceso de ley. Sobre esos extremos, esboza Oriental; que incidió el foro primario al imponerle la severa sanción de la anotación de rebeldía y eliminación de todas sus alegaciones cuando el TPI incumplió con el requisito de notificar y apercibir directamente a la parte previo a proceder con tan drástico remedio. De igual forma, arguye Oriental que erró además el foro primario al denegar su solicitud para dejar sin efecto la anotación de rebeldía y la eliminación de sus alegaciones cuando no fue debidamente notificada de las órdenes que precedieron dicho curso procesal.

Enfatiza Oriental que incidió el foro primario al celebrar un juicio en su fondo en rebeldía sin proveerle una oportunidad razonable y adecuada para defenderse de un reclamo improcedente. Sostiene

además, que erró el foro primario al emitir sentencia a favor de la parte apelada cuando estos no establecieron que tienen derecho a un remedio bajo el *Fair Credit Reporting Act of 1970*.

Finalmente, arguye Oriental que erró el TPI al despojar a Oriental de su reclamo de cobro de dinero por la vía personal.

Conforme surge del expediente el 9 de abril de 2024, la entonces representación legal de Oriental, la licenciada Velma Díaz Carrasquillo, solicitó ser relevada.[39] Con su solicitud informó la dirección física (254 Ave. Muñoz Rivera, San Juan, PR 00918) y la dirección postal (PO Box 362230, San Juan, PR 00936-2230) de Oriental.[40] Surge de la Entrada Núm. 82 e SUMAC que el 10 de abril de 2024 el TPI concedió el relevo solicitado y dispuso como sigue: "con lugar relevo de representación legal. Se le concede término de 30 días al demandante para que informe nueva representación legal. Tome nota Secretaría." *Id*.

No obstante, esta determinación no se notificó a la dirección física o a la dirección postal de Oriental informada por la licenciada Díaz Carrasquillo en su moción del 9 de abril de 2024 sino que dicha notificación se le envió a la licenciada Cynthia Román Sánchez, quien únicamente representó a Oriental en el trámite apelativo en el alfanumérico KLAN202300547, y en ningún momento compareció ante el foro de instancia asumiendo propiamente la representación legal de Oriental. Acto seguido, el 28 de mayo de 2024, el TPI emitió la siguiente *Orden*: "informe la parte

---

[39] *Véase* Entrada Núm. 81 de SUMAC.
[40] *Id*.

demandante su nueva representación legal en el término de 10 días."[41] Esta orden se notificó a una dirección de Oriental distinta a la de la Orden de 10 de abril de 2024: al PO Box 362230, San Juan, PR 00936-2230, dirección informada por la licenciada Velma Díaz Carrasquillo en su renuncia.

Según surge de la plataforma SUMAC, la próxima *Orden* del foro primario se emitió el 3 de diciembre de 2024. Allí el TPI dispuso lo siguiente: "[t]ienen las partes 20 días para en conjunto presentar 3 fechas disponibles para vista sobre estado de los procesos en el mes de febrero de 2025."[42]  Esta orden no se notificó directamente a Oriental, por lo que no tuvo conocimiento de este desarrollo procesal. Solamente se notificó al representante legal de los demandados, el licenciado Juan C. Rivera Rodríguez, y a la licenciada Cynthia Román Sánchez, quien únicamente representó a Oriental durante el trámite apelativo que ya había cesado para ese entonces. Así lo había aclarado la licenciada Cynthia Román Sánchez en un escrito que interpuso el 9 de diciembre de 2024: "[n]os vemos imposibilitados de cumplir con la misma [Orden] ya que no representamos ni tenemos ninguna relación comercial con Oriental Bank."[43]  La licenciada Cynthia Román Sánchez también advirtió que la dirección de Oriental era: "254 Muñoz Rivera Avenue, San Juan, PR 00918, PO Box 19115, San Juan PR 00919-5115". En atención a este escrito, el 9 de diciembre de 2024 el Tribunal de Primera Instancia emitió la siguiente Orden: "[s]e

---

[41] *Véase* Entrada Núm. 85 de SUMAC.
[42] *Véase* Entrada Núm. 86 de SUMAC.
[43] *Véase* Entrada Núm. 87 de SUMAC.

señala vista para estado de los procesos para el 28 de febrero de 2025 a las 11:00 AM Presencial. La abogada está debidamente excusada."[44] Esta orden no se notificó directamente a Oriental que desconocía sobre la vista pautada para el 28 de febrero de 2025.

La vista de 28 de febrero de 2025 se llevó a cabo sin la comparecencia de Oriental. Surge de la Minuta que el Tribunal reconoció que Oriental ya no contaba con representación legal. A su vez, surge que el foro primario emitió una orden de mostrar causa para que Oriental explicara su incomparecencia:

> El Tribunal notifica que la parte demandante estuvo cumpliendo con las órdenes, sin embargo, desde que renunció la abogada no ha habido contestaciones.
>
> La parte demandante tiene el término de cinco días para mostrar causa por la cual no se le debe anotar la rebeldía o eliminar las alegaciones.
>
> El Tribunal señala Conferencia con Antelación a Juicio para el 6 de mayo de 2025 a las 9:00 am.
>
> Si antes del próximo señalamiento el demandante no ha contestado, el Tribunal tomará las debidas provisiones. [45]

Esa Minuta consta en SUMAC, pero no surge que se notificara a alguna de las partes y mucho menos a Oriental (no existe boleta de notificación verificable, pues en la pestaña de notificación se indica: "[n]o hay notificaciones".[46] Quien se enteró de lo que sucedió en la vista de 28 de febrero de 2025 fue quien compareció (la parte apelada) y Oriental no pudo comparecer porque, según indicado, ese señalamiento no le fue notificado adecuadamente. Tampoco surge que la Minuta esté firmada por el juez.

---

[44] *Véase* Entrada Núm. 88 de SUMAC.
[45] *Véase* Entrada Núm. 89 de SUMAC.
[46] *Id.*

Esto es un requisito indispensable para su validez. Véase, *Pueblo v. Ríos Nieves*, 209 DPR 264, 280-281 (2022).

El mero hecho de carecer de la correspondiente firma revela la invalidez de la referida Minuta. Además, la orden de muestre causa contenida en la Minuta de la vista de 28 de febrero de 2025 no se le notificó directamente a Oriental, quien, nuevamente, tampoco tuvo la oportunidad de comparecer por falta de notificación sobre la celebración de esa vista.

En resumen, la falta de notificación de la Minuta sin firmar de la vista que se celebró el 28 de febrero de 2025 sin la presencia de Oriental -la que contiene una orden de muestre causa dirigida a Oriental- es contraria al debido proceso de ley. La notificación de una determinación es un requisito con el que se debe cumplir de modo tal que el ciudadano afectado se pueda enterar de la decisión final que se ha tomado en su contra. Así lo exige el debido procedimiento de ley.[47]

Así las cosas, la Conferencia con Antelación al Juicio se celebró el 6 de mayo de 2025. Sin embargo, surge del expediente que Oriental desconocía que ese día se llevaría a cabo la Conferencia -un evento importante en un caso-, pues no se le notificó sobre ese señalamiento contenido en la Minuta sin firmar de la vista que se llevó a cabo el 28 de febrero de 2025. Surge además, que como parte de la Conferencia el foro primario tomó la drástica medida de sancionar a Oriental con $500.00 y eliminarle todas sus alegaciones sin llevar a cabo el procedimiento

---

[47] *Véase, Plan Salud Unión v. Seaboard Sur. Co.,* 182 DPR 714, 723 (2011).

escalonado requerido por la Regla 39.2 (a) de Procedimiento Civil y la jurisprudencia aplicable.[48] Advertimos que el foro primario tomó esta decisión tras emitir una serie de órdenes y escritos previos que no fueron notificados adecuadamente a Oriental. Esta *Minuta-Orden* de 6 de mayo de 2025, se notificó al representante legal de la parte apelada, a la licenciada Cynthia Román Sánchez (quien ya no era abogada de Oriental y había sido excusada del caso), y a Oriental a la siguiente dirección: PO Box 362230, San Juan, Puerto Rico, 00936-2230.

Por otro lado, el 23 de julio de 2025 los apelados presentaron un escrito por medio del cual anejaron la prueba documental que se proponían presentar en el juicio. Este escrito no se le notificó directamente a Oriental. Se le notificó a la licenciada Cynthia Román Sánchez, pero ya desde el 9 de diciembre de 2024 ésta había sido excusada del trámite, hecho que conocía la parte apelada.[49] Véase, Ent. 88.

Previo al juicio el Tribunal emitió la siguiente Orden: [p]ara fines de valorar los daños utilice jurisprudencia que pueda servir de referencia para la estimación y valoración de los daños y que contengan hechos similares a los de autos; así como también incluir la fórmula que actualiza el valor a tenor con lo expuesto en el caso de *Santiago Montañez v. Fresenius Medical Care*, 195 DPR 476 (2016); *Rodríguez Ramos v. Hospital Dr. Susoni*, 186 DPR 889 (2012)." Ent.95. Esta orden tampoco se le notificó directamente

---

[48] *Véase*, *Minuta-Orden*, Entrada Núm. 92 de SUMAC.
[49] *Véase* Entrada Núm. 88 de SUMAC.

a Oriental. Esto representa una instancia adicional de violación al debido proceso de ley de Oriental e informa la manera en que el proceso discurría, como si Oriental no existiera.

El juicio en su fondo se llevó a cabo 24 de julio de 2025. Surge del primer párrafo de la Minuta de la vista lo siguiente: "[c]elebrado el acto del Juicio en su Fondo no compareció la Lcda. Cynthia Román Sánchez en representación de la parte demandante Oriental Bank."[50] Lo anterior, pese a que desde el 9 de diciembre de 2024, notificada el 12 de igual mes, el Tribunal le había excusado de comparecer al trámite litigioso. Surge de la Minuta que "el Tribunal declaró Con Lugar parte de la Demanda en favor de la parte demandada" y que dejó "por sometido el caso para dictar la correspondiente sentencia."[51] Del expediente en SUMAC no surge que esta Minuta esté firmada por el juzgador de instancia, así como tampoco surge que fuera notificada a Oriental.

El 11 de agosto de 2025 la licenciada Cynthia Román Sánchez presentó una Moción Comparecencia Especial en la que indicó que recibió notificación de la Minuta del juicio en su fondo en la que se advierte que ella no compareció como representante legal de Oriental y en la que reiteró nuevamente que no representaba a Oriental y que ya el Tribunal le había excusado de comparecer.[52]

Asimismo, el 11 de agosto de 2025 compareció Oriental por medio del licenciado Javier Montalvo

---

[50] *Véase* Entrada Núm 96 de SUMAC.
[51] *Id.*
[52] *Véase* Entrada Núm. 97 de SUMAC.

Cintrón y solicitó la anulación de la orden eliminándole las alegaciones, de la sanción de $500.00 que se le impuso en la Minuta-Orden de 6 de mayo de 2025, y que declarara la nulidad del juicio celebrado. Sin embargo, el Tribunal erróneamente se negó.[53] El 26 de agosto de 2025, el foro primario emitió una Sentencia en rebeldía en la que determinó que la parte apelada no le adeudaban nada a Oriental y que, en cambio, Oriental les era responsable en daños.[54].

Según surge del expediente en el caso epígrafe, durante este trámite procesal: (1) no se llevó a cabo el proceso escalonado que establece la Regla 39.2 para eliminarle las alegaciones a Oriental; (2) no se le notificaron a Oriental órdenes medulares en el caso; y (3) la parte apelada no le notificó a Oriental sus mociones y escritos.

Ciertamente, "los tribunales tienen el poder discrecional, bajo las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte". *Maldonado v. Srio de Rec. Naturales*, supra, pág. 498; véase, 32 LPRA Ap. V, R. 34.3, R. 37.7, y R. 39.2. Ahora bien, ese poder "se debe ejercer juiciosa y apropiadamente." *Maldonado v. Srio de Rec. Naturales, supra,* pág. 498, (énfasis suplido). Para ejercer de manera juiciosa y apropiada esa facultad, el Tribunal Supremo ha establecido un trámite escalonado a seguir antes de alcanzar la extrema sanción de la eliminación de las alegaciones o la anotación de la rebeldía. *Id.*

---

[53] Véase Entrada Núm. 111 de SUMAC.
[54] *Véase* Entrada 123 de SUMAC.

No solo es norma asentada del Tribunal Supremo, sino que también el trámite gradual de sanciones surge de la Regla 39.2 de Procedimiento Civil:

> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan solo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. 32 LPRA Ap. V, R. 39.2, (énfasis suplido).

Primero, al advertir una situación que amerita la imposición de sanciones, el Tribunal debe imponerlas al abogado de la parte. Segundo, si esa sanción no rinde frutos, entonces el Tribunal deberá notificar a la parte que es representada por el abogado de la situación persistente y de las consecuencias de no corregirla. Este segundo paso de apercibimiento es importante, pues es la parte quien, efectivamente, podría verse perjudicada por una sanción drástica que le despoje de su derecho a ser escuchada. Tercero, si aún siendo apercibida la parte sobre las consecuencias que su conducta incumplidora podría acarrear, ésta persiste en ella, entonces, sólo después de ello, el Tribunal podrá imponer como sanción la eliminación de las alegaciones o la anotación de la rebeldía si el

incumplimiento es de tal grado que amerita este curso de acción.[55]

En este caso, el 28 de febrero de 2025 el Tribunal de Primera Instancia emitió en corte abierta una orden de muestre causa dirigida a Oriental para que explicara las razones por las que no se le debía anotar la rebeldía o eliminar las alegaciones. Esa orden de muestra causa ocurrió durante una vista cuyo señalamiento no le fue notificado adecuadamente a Oriental. A su vez, esa orden de muestre casusa es ineficaz, pues surge de una Minuta que no está firmada por el juzgador y, lo que es más, que no le fue notificada a Oriental.[56] Es por ello que no se puede partir de esta Minuta de la vista de 28 de febrero de 2025 como el inicio del trámite escalonado de sanciones. Luego, el 6 de mayo de 2025 el Tribunal de Primera Instancia emitió una Minuta-Orden en la que, **simultáneamente, le impuso a Oriental la sanción de $500 y ordenó la eliminación de sus alegaciones.** Esta notificación sí fue notificada a Oriental.[57]

Sin embargo, advertimos que el foro primario incumplió con el trámite escalonado de sanciones antes de llegar a la sanción más drástica la eliminación de

---

[55] Véase, también, *Mun. De Arecibo v. Almac. Yakima*, 154 DPR 217 (2001), en donde, ante la drástica sanción de la desestimación en el contexto de ese litigio, el Tribunal Supremo subrayó:

> […] conforme a lo establecido por nuestra jurisprudencia, si el foro de instancia entendió que no hubo razones válidas que justificaran la inactividad del caso debió, como primera alternativa, sancionar a la representación legal del Municipio. De resultar infructuosa dicha acción disciplinaria, el tribunal entonces, antes de desestimar la acción y privar al Municipio de su día en corte, lo debió informar y apercibir directamente de lo que estaba ocurriendo para que tomara la acción pertinente. Sólo de esa manera su actuación de desestimar el caso como sanción se hubiese justificado. Id., págs. 224-225 (cita omitida).

[56] *Véase*, Entrada Núm. 89 de SUMAC.
[57] *Véase* Entrada Núm. 92 de SUMAC.

todas las alegaciones de Oriental. Téngase en cuenta que Oriental desconocía del señalamiento de la Conferencia con Antelación al Juicio porque jamás se le notificó sobre ello.

El foro primario no estaba en posición de eliminarle las alegaciones a Oriental, ya que debía en primera instancia apercibirle con una notificación directa y la sanción únicamente podía alcanzar a una imposición monetaria, **pero no la eliminación de las alegaciones. Solamente luego del apercibimiento directo y de cerciorarse que Oriental efectivamente lo ignoraba, sólo luego de eso, el foro primario podía eliminarle las alegaciones o hallarlo en rebeldía.** Ello no ocurrió por lo que sin ese apercibimiento directo, la anotación de rebeldía no puede prosperar, pues es "[l]uego de apercibir a la parte propiamente en torno a las consecuencias de un repetido incumplimiento, [que el Tribunal] podrá imponer las sanciones discutidas [(la eliminación de las alegaciones o la anotación de rebeldía)]." Véase, *HRS Erase v. CMT*, *supra*, pág. 707. Es preciso destacar que sobre esos extremos, la Regla 39.2 (a) exige "una notificación directa a la parte, previo a imponer una sanción como la eliminación de las alegaciones o la desestimación de una demanda." *Id.*, pág. 708.

El juicio en su fondo se llevó a cabo **24 de julio de 2025** y allí expresó el TPI que **no había comparecido la Lcda. Cynthia Román Sánchez en representación de la parte demandante Oriental Bank**. Lo anterior, pese a que desde el **9 de diciembre de 2024** el Tribunal le

había excusado de comparecer al trámite litigioso en representación de Oriental. [58]

De otra parte, aunque la *Minuta-Orden* sancionando a Oriental y anotándole la rebeldía se notificó el 13 de mayo de 2025 y Oriental no solicitó reconsideración, **una parte en rebeldía puede solicitar en cualquier momento que esa cualificación –que es igual a la eliminación de las alegaciones– sea dejada sin efecto, tal como hizo Oriental el 11 de agosto de 2025** mediante la *Moción para que se Declare Nula la Orden de Eliminación de las Alegaciones, las Sanciones y el Juicio en su Fondo Celebrado*.

**Es decir que, la controversia medular en el caso de epígrafe se circunscribe a resolver <u>si antes de que el foro primario dictara la orden del 6 de mayo de 2025</u>, mediante la cual ordenó eliminar las alegaciones de Oriental por incumplir con las órdenes del Tribunal; en la que le impuso $500.00 en sanciones por no haber asistido a la vista ni cumplir con las órdenes, y en la que además, ordenó la celebración de un juicio en rebeldía, <u>el Tribunal apercibió a Oriental de la situación y de las consecuencias que podía tener el que ésta no fuera corregida conforme lo requiere la Regla 39.2(a) de Procedimiento Civil y la jurisprudencia interpretativa.</u>**

**Sobre estos extremos, es preciso destacar que no surge del expediente que el foro primario apercibiera a Oriental conforme a derecho <u>de la situación y de las consecuencias.</u>**

---

[58] *Véase* Entrada Núm. 88 de SUMAC y Entrada Núm. 95 de SUMAC.

Así, dentro del marco de hechos procesales, ni la anotación de la rebeldía, ni la eliminación de las alegaciones, así como tampoco, la Sentencia apelada, dictada en ausencia de Oriental, pueden prevalecer toda vez que no superan el escrutinio que establece nuestro ordenamiento procesal civil.

Con estos antecedentes, por desprenderse del expediente causa justificada para la incomparecencia de Oriental a la Conferencia con Antelación al Juicio así como al juicio para dilucidar la *Reconvención*, se deja sin efecto la anotación de rebeldía a la parte apelante, conforme a lo dispuesto en la Regla 45.3 de Procedimiento Civil, *supra,* así como la eliminación de su alegaciones. Con estos antecedentes procede la revocación de la Sentencia apelada dictada en rebeldía y que se remita el caso al foro primario para que celebre nuevamente la Conferencia con Antelación al Juicio que se llevó a cabo sin notificarle a Oriental y luego se proceda con la celebración de un juicio en el que ambas partes tengan igual oportunidad de enfrentar la prueba y exponer sus planteamientos y defensas.

-IV-

Por los fundamentos anteriormente expuestos, los cuales se hacen formar parte de esta Sentencia, revocamos la Sentencia apelada. Se ordena al foro primario continuar con los procedimientos para la adjudicación final del caso de epígrafe de forma compatible con nuestros pronunciamientos en esta Sentencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones